PORTLAND NATIONAL BANK

*vs.*

HELEN G. BROOKS, ET AL

Cumberland.   Opinion June 8, 1927.

*An attempted contract to pass a gift after death is null and void, being in violation of the law as to transfer of property by gift as well as the Statute of Wills.*

*A deposit of funds of A in a bank in the name of A and B with right of survivorship,  each with a right to draw said deposit, in the event of the death of A is a part of the estate of A.*

In the at bar case the donor retaining the right to use the deposit for her own use during her life prevents a completed gift inter vivos, and to permit the deposit to go to Helen G. Brooks would be in violation of the statute governing the testamentary disposition of property

On appeal.   A bill of interpleader to determine title to a deposit in plaintiff bank standing at the time of the death of the depositor, Mary G. Wilson, in her name and that of defendant, Helen G. Brooks and payable to "either or the survivor."   Upon a hearing it was decreed that the deposit should be paid to Helen G. Brooks and the administrator of the estate of Mary G. Wilson, took an appeal.   Appeal sustained.   Decree below reversed and the case remanded for disposition in accordance with the opinion.

The case fully appears in the opinion.

*Sydney B. Larrabee*, for plaintiff.

*Charles J. Nichols*, for administrator of estate of Mary G. Wilson, appellant.

*Lauren M. Sanborn*, for Helen G. Brooks, appellee.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, BASSETT, JJ.

BARNES, J. In this Bill of Interpleader, brought by the bank, and before this court on appeal from the decree of a single justice, the parties concerned financially are Helen G. Brooks, sole sister and heir at law of Mary G. Wilson, deceased, intestate, and Harry H. Wilson, widower and administrator of the estate of said Mary G. Wilson.

At the decease of the intestate, the bank held a deposit to the credit of Mary G. Wilson and Helen G. Brooks, above-named, "payable to either or the survivor," and later, after hearing, the justice decreed that the deposit, less costs in this action to be taxed for the bank, should be paid to Helen G. Brooks.

From this decree the administrator appealed. The learned justice who issued the decree gave no expression of his reasoning or of the facts upon which he founded the decree, and his decision, in view of the law of this state as recently reviewed and expounded in Garland Applt. from Decree of Judge of Probate, Garland Applt., 126 Me. 84, seems clearly erroneous.

The facts, briefly stated, are as follows.

The deposit in question was instituted many years ago while Mary G. Wilson was a resident of Portland, in this state.

In the early spring of 1925, Mrs. Wilson was living in Newark, New Jersey, and Mrs. Brooks, in Wollaston, in Massachusetts.

Mrs. Wilson was suffering from a malignant disease, and upon the invitation of Mrs. Brooks was taken to the home of the latter, to receive treatment from a Boston physician, her husband remaining in New Jersey, where his business was located.

At the request of Mrs. Wilson the bank mailed to her an order that the name of her deposit be changed to the form recited above, and such order, duly signed, was received by the bank shortly after June 25, 1925, by it accepted and acted upon.

Two withdrawals from the deposit were made during the illness of Mrs. Wilson, the latter on August 6, 1925, and on the 17th of that month Mrs. Wilson died.

The testimony shows that the expense of nurses, physician and funeral were paid by the husband; that he gave Mrs. Brooks a sum of money, "to secure help with the housework", and that he gave to the family a costly present, "for their hospitality."

There is no evidence that Mrs. Brooks gave consideration to her sister for the deposited funds.

There can be no doubt that the laws of Maine govern interpretation of the obligation of the bank and the rights of the claimants of the deposit. The depositor requested a modification of the contract of deposit; the bank stipulated certain conditions; depositor tendered assent in writing and the bank confirmed the change, at Portland, in this state. Such a contract is a Maine contract. *Bell* vs. *Packard*, 69 Me. 110; *Holt* vs. *Knowlton*, 86 Me., 459; *Emerson Co.* v. *Proctor*, 97 Me., 364.

Under the law of this state, as expressed in Garland, Applt., supra, the complainant bank is to pay to the estate of Mary G. Wilson the balance of the deposit, with interest to date of such payment computed at the rate paid by the bank on similar accounts; but by virtue of P. L., 1923, chap. 144, sec. 25, the bank can not be compelled to account for any sums paid to Helen G. Brooks before demand made upon the bank in behalf of the estate of Mary G. Wilson.

Decree reversed, except as to costs and reasonable counsel fees to the plaintiff, and without costs to either defendant; costs and counsel fees of the plaintiff to be fixed by the Court below.

*Case remanded for decree in accordance with this opinion.*